IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ROBERT L. PITTMAN, Administrator of the Estate of CBW deceased, | ) ) ) | |
| PLAINTIFF, | ) ) | |
| v. | ) ) | CASE NO.: 2:08cv504-MEF |
| GENERAL MOTORS CORPORATION; *et al.*, | ) ) ) ) | (WO- Recommended for Publication) |
| DEFENDANTS. | ) | |

**MEMORANDUM OPINION AND ORDER**

This cause is before the Court on the Motion to Remand (Doc. # 6) filed on July 16, 2008 by Plaintiff. Arguing that this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), Defendant General Motors Corporation ("GM") removed this action from the Circuit Court of Montgomery County, Alabama pursuant to 28 U.S.C. § 1441(a) on June 26, 2008. After careful consideration of the applicable law and the arguments of counsel on the many issues raised by the motion to remand, the Court finds that the motion to remand is due to be GRANTED.

**FACTUAL AND PROCEDURAL BACKGROUND**

On May 22, 2008, Robert Pittman ("Pittman") filed suit as Administrator of the Estate of CBW, a minor against GM and several fictitious defendants in the Circuit Court for Montgomery County, Alabama. On June 26, 2008, GM removed the action to this Court invoking its subject matter jurisdiction pursuant to 28 U.S.C. § 1332. On July 16, 2008,

Pittman filed the Motion to Remand (Doc. # 6), now before this Court. The issue before this Court is whether this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a). More specifically, because there is no dispute as to the diversity of the citizenship of the parties,[1] the issue before this Court is whether GM has adequately demonstrated that the amount in controversy requirement for 28 U.S.C. § 1332(a) is satisfied.

This case arising out of a motor vehicle accident in Lee County, Alabama on May 9, 2007, which claimed the CBW. At the time of the roll-over accident, CBW was a passenger in a vehicle that GM had manufactured and designed. Although the accident is alleged to have occurred in Lee County, Alabama, Pittman filed suit in the Circuit Court of Montgomery County, Alabama. In Count One, Pittman brings claims under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") and the Alabama Wrongful Death Act. In Count Two, Pittman brings claims for negligence and wantonness. Pittman demands an unspecified amount of damages under the Alabama Wrongful Death Act.

GM argues that that this Court had subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332(a). In so arguing, GM contends that it is facially apparent from the Complaint that the amount in controversy exceeds the jurisdictional requirement, which in this case is more $75,000. GM argues that a claim for wrongful death renders the amount in controversy facially apparent regardless of the inclusion of a specified amount in the

---

[1] GM is a corporate citizen of Michigan and Delaware. Pittman is a resident of Montgomery. Presumably the Estate of CBW is being administered in Alabama somewhere. The citizenship of the fictitious parties is to be disregarded.

Complaint. This Court agrees that there is some commonsense appeal to this contention, however, this Court must follow the law as it is handed down by the Eleventh Circuit Court of Appeals and the United States Supreme Court. As evidence that the claim in this case necessarily exceeded $75,000, GM asserts that other Alabama wrongful death cases with AEMLD claims have resulted in verdicts far in excess of $75,000.

## DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Wymbs v. Republican State Executive Comm.*, 719 F.2d 1072, 1076 (11th Cir. 1983). As such, federal courts only have the power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *Kokkonen*, 511 U.S. at 377.

Among the cases over which a federal district court may exercise subject matter jurisdiction are civil actions in which only state law claims are alleged if the civil action arises under the federal court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a). The diversity statute confers jurisdiction on the federal courts in civil actions "between citizens of different states," in which the jurisdictional amount, currently *in excess of $75,000*, is met. *Id.*

When a case is originally filed in state court, a party may remove it if the case originally could have been brought in federal court. *See* 28 U.S.C. § 1441(a). *Accord, Lowery v. Alabama Power Co.,* 483 F.3d 1184, 1207 (11th Cir. 2007), *cert. denied,* 128 S. Ct. 2877 (2008) ("the party seeking a federal venue must establish the venue's jurisdictional

requirements" and therefore removing defendants bear that burden in the context of a motion to remand). However, the non-moving party may move for remand, which will be granted if "it appears that the district court lacks subject matter jurisdiction." *See* 28 U.S.C. § 1447(c). Because removal jurisdiction raises significant federalism concerns, "removal statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

Recently the Eleventh Circuit Court of Appeals provided significant clarification of "existing principles of law governing removal generally - who bears the burden of establishing that removal is proper, how that party can satisfy its burden, and how a district court must proceed in evaluating its jurisdiction after removal." *Lowery*, 483 F.3d at 1187. Although *Lowery* arose in the context of a removal pursuant to the Class Action Fairness Act of 2005 ("CAFA"), it is quite plain from the text of *Lowery* that the holdings of the case are not limited solely to cases removed under CAFA. In *Lowery*, the Eleventh Circuit Court of Appeals reiterated that in cases, such as this one, where the complaint does not specify the amount of damages sought, "the removing party bears burden of establishing the jurisdictional amount by a preponderance of the evidence." 483 F.3d at 1208-09, 1210. The Court cautioned, however, that "[i]f the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate." Indeed, "in assessing the propriety

of removal, the court considers the documents received by the defendant from the plaintiff - be it the initial complaint or a later received paper- and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Id.* at 1213. The defendant and the court may not speculate about the amount in controversy, nor should "the existence of jurisdiction" be "divined by looking to the stars." *Id.* at 1215. Importantly, the *Lowery* court stated that it is

> highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us - where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice- without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the value of plaintiff's claims.

*Id.* at 1215. "When a plaintiff seeks unliquidated damages and does not make a specific demand, therefore, the factual information establishing the jurisdictional amount must come from the plaintiff." *Id.* at 1215. Indeed, the *Lowery* court specifically rejected a removing defendant's attempt to satisfy its burden of proving amount in controversy by reliance on jury verdicts in other supposedly similar cases. *Id.* at 1189, 1220-21.[2]

For obvious reasons, *Lowery* is a cornerstone for Plaintiff's arguments in support of

---

[2] *Lowery* was not the first time the Eleventh Circuit Court of Appeals had stated that reliance on damages awards in other cases was insufficient. *See, e.g., Federated Mut. Ins. Co. v. McKinnon Motors, LLC.*, 329 F.3d 805, 809 (11th Cir. 2003) ("mere citation to what has happened in the past does nothing to overcome the indeterminate and speculative nature of [the removing defendant's] assertion [that subject matter jurisdiction existed under § 1332] in this case.").

the motion to remand. GM attempts to distinguish *Lowery*, but the Court finds those arguments to be unpersuasive. Indeed, in this Court's view, *Lowery* and its progeny dictate remand of this action. *See, e.g., Lowery*, 483 F.3d 1184; *Thibodeaux v. Paccar, Inc.*, ___ F. Supp. 2d ___, 2009 WL 27225 (M.D. Ala. Jan. 6, 2009) (Fuller, C.J.) (following *Lowery* and remanding wrongful death case); *Yates v. Medtronic, Inc.*, 08-0337-KD-C, 2008 WL 4016599 at *10-*12 (S.D. Ala. Aug. 26, 2008) (same). As this Court has previously noted, the "measure of damages in an Alabama wrongful death claim is not the value of human life but rather the wrongfulness of the defendant's conduct." *Thibodeaux*, 2009 WL 27225 at *3. Here, GM's argument, at its heart, is a plea based on notion that the amount in controversy here is necessarily high because the case involves the loss of human life. This view is contrary to Alabama law. The real issue here is the wrongfulness of the defendant's conduct. That is the true measure of damages in this case and that is also something about which there is currently no evidence before this Court. GM's plea for this Court to conclude that the amount in controversy exceeds $75,000 is merely a request that this Court speculate about the probable amount of a verdict in this case. That is precisely what *Lowery* prohibits. Thus, because this Court finds that GM has failed to carry its burden of establishing the jurisdictional amount by a preponderance of the evidence, this case must be remanded.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED as follows:

1. Pittman's Motion to Remand (Doc. # 6) is GRANTED.

2. This case is REMANDED to the Circuit Court of Montgomery County, Alabama.

3. The Clerk is DIRECTED to take appropriate steps to effect the remand.

DONE this the 4th day of February, 2009.

                                          /s/ Mark E. Fuller
                                  CHIEF UNITED STATES DISTRICT JUDGE